BRYSON LUIS

        Plaintiff,                    Civil Action No.: 2:26-cv-699

     v.

RAYMOND COELLO,
CONNOR SANDVICK,
CITY OF WEST ALLIS,
ABC INSURANCE COMPANY,

        Defendants.

---

## COMPLAINT

---

NOW COMES Plaintiff, Bryson Luis, by his attorneys, Gingras, Thomsen & Wachs, LLP, by Attorneys Isaac P. Huettl and Mark L. Thomsen, and files this complaint against Defendants Raymond Coello, Connor Sandvick, City of West Allis, and ABC Insurance Company.

### INTRODUCTION

1. This action is brought to redress West Allis Police Department Officers Raymond Coello and Connor Sandvick's unlawful arrest and excessive use of force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

### PARTIES

2. Plaintiff Bryson Luis ("Bryson") is an adult resident of the State of Wisconsin residing at 1519 Menomonee Ave., South Milwaukee, WI 53172. At all times material hereto, Bryson was entitled to all rights and privileges granted by the United States Constitution.

3. Defendant Officer Raymond Coello ("Officer Coello") is an adult resident of the State of Wisconsin. Officer Coello was employed as an officer by the West Allis Police

Department ("WAPD") and was acting under the color of law and within the scope of his employment with the WAPD at all times relevant hereto.

4. Defendant Officer Connor Sandvick is an adult resident of the State of Wisconsin. Officer Sandvick was employed as an officer by the WAPD and was acting under the color of law and within the scope of his employment with the WAPD at all times relevant hereto.

5. Defendant City of West Allis ("West Allis"), with offices of its executive located at 7525 W. Greenfield Ave., West Allis, WI 53214, is and was at all times material hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. West Allis established, operated, and maintained the WAPD at all times material hereto. West Allis is ultimately responsible for the training, supervising, and discipline of WAPD employees and had ultimate control and authority over WAPD and all Defendants and is obligated to indemnify all Defendants in this action.

6. ABC Defendant is a fictitious name of the insurer for West Allis. ABC Insurance Company issued a policy of insurance that provided coverage for the allegations herein for the actions of West Allis and its employees.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over Plaintiff's claims and the Parties pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2).

**FACTS**

9. On January 4, 2025, Bryson Luis, then 18 years old, attended a birthday party located at 5921 W. Beloit Road.

2

10. Just after 12:00 a.m., at least nine West Allis officers, including Officers Coello and Sandvick were dispatched to 5921 W. Beloit Road regarding an alleged fight that broke out between approximately 30 minors.

11. The officers learned that one individual had a gun and described him as a 16-18-year-old Hispanic male wearing a black vest and blue hoody. The dispatcher also informed officers that a group of kids headed to the back of the building because officers were called.

12. The officers were not aware of the identities of any of the individuals reportedly fighting. No other individual besides the individual with the black vest and blue hoodie was alleged to have possessed a weapon.

13. Upon arrival at 5921 W. Beloit Road, Officer Coello observed three individuals running eastbound on W. Rogers St. One of the individuals was wearing all dark clothing, the second individual, Plaintiff Bryson Luis, was wearing a white sweater with light colored pants, and the third individual was wearing a light-colored sweater with a black vest.

14. Bryson Luis was unarmed, did not participate in the alleged fighting, and did not match the description of the allegedly armed individual.

15. Officer Coello drove southbound on S. 59th St to pursue the three running teenagers, one of whom was Bryson Luis. As he turned eastbound on W. Rogers St., he observed two of the individuals running on the northside of the sidewalk towards the S. 58th/59th St. alley. He activated his emergency lights and sirens.

16. Approximately three minutes after being dispatched, Officer Coello exited his squad car to follow Bryson Luis, who was running down the alley.

17. Within two seconds of exiting his squad car, Officer Coello yelled "stop, police," immediately pulling out his Taser.

3

18.    As demonstrated by Officer Coello's body-camera footage[1], Bryson Luis, pictured below wearing a white sweatshirt and light-colored pants, navigated down the alley in the opposite direction of Officer Coello.



19.    Within six seconds of exiting his squad car, and approximately four seconds after yelling "stop, police" Officer Coello Tased Bryson Luis' back as he ran down the alley, causing him to fall face-first on the cold alleyway and fracture several teeth.

---

[1] The body-camera footage produced by West Allis in response to Plaintiff's open records request blurs out key portions of the video, including the use of force, as pictured here.

4



20.     While standing over Bryson Luis, who writhed on the ground in agonizing pain from the facial injury and being Tased, Officer Coello yelled for Bryson Luis to show his hands and threatened to Tase him again.

21.     Bryson Luis clearly struggled to communicate with the officers due to his facial injury but continued lying facedown on the ground.

22.     Officer Sandvick arrived in the alley and aggressively pulled Bryson Luis' arm behind his back, telling Bryson Luis not to resist despite no evidence that Bryson Luis had committed a crime or was resisting arrest.

23.     Officer Sandvick knelt on Bryson Luis' upper back and neck during the handcuffing process for at least ten seconds, as Bryson Luis lay facedown on the ground with a severe facial injury.



24. Bryson Luis pleaded for the officers to turn him over due to his injuries. The officers ignored him and asked why he was running. Bryson Luis responded, "I'm just scared, sir." Again, the officers refused to turn him over or provide medical attention, instead searching his pockets and saying "you're fucking running from me."

25. Bryson Luis did not have a firearm and did not participate in the fight which prompted the 911 call. Officer Coello did not have reasonable suspicion that Bryson Luis possessed a weapon or that he participated in the fight, yet Officer Coello Tased him within a mere four seconds after yelling for him to stop.

26. Defendants arrested Bryson Luis for hindering and resisting arrest. For an individual to be resisting arrest, the officer must be acting with "lawful authority," meaning the officer must have reasonable suspicion of criminal activity or probable cause to arrest. *State v. Young*, 2006 WI 98, 294 Wis. 2d 1, 717 N.W.2d 729; Wis. Stat. § 946.41(1).

27. Given that Bryson Luis did not fit the description of the armed teenager and the officers had no other basis to establish reasonable suspicion of criminal activity, Bryson Luis' failure to immediately stop running, without more, did not constitute hindering or resisting arrest.

6

*State v. Meddaugh*, 2022 WI App 12, 401 Wis. 2d 134, 147-48, 972 N.W.2d 181 (ruling that an individual who did not stop riding a bicycle away from police when a deputy yelled "stop" does "not provide an articulable fact reinforcing reasonable suspicion because reasonable suspicion did not exist prior to this moment").

**FIRST CLAIM FOR RELIEF – FALSE ARREST**

28. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

29. Defendants Coello and Sandvick arrested Bryson Luis for hindering and resisting arrest.

30. Defendants Coello and Sandvick did not have reasonable suspicion of criminal activity to detain Bryson Luis.

31. Without reasonable suspicion of criminal activity to detain Bryson Luis, Defendants Coello and Sandvick did not have probable cause to arrest Bryson Luis for hindering and resisting arrest because at no time could Bryson Luis' actions have led any reasonable officer to believe that Bryson Luis had committed a crime.

32. Defendants Coello and Sandvick's conduct constituted a false arrest, or unreasonable seizure, in violation of Bryson Luis' Fourth Amendment rights, as incorporated by the Fourteenth Amendment.

33. At all times material to the complaint, Defendant Coello and Sandvick were WAPD Officers, acting under the color of the statutes, customs, ordinances, and usage of the WAPD and were acting within the scope of their employment.

34. The conduct described on part of the Defendants as set forth above was a cause of the plaintiff's injuries, losses, and damages as set forth herein.

7

35. Defendant West Allis is liable for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

**SECOND CLAIM FOR RELIEF – EXCESSIVE USE OF FORCE**

36. Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

37. At all times relevant herein, Defendants Coello and Sandvick were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Bryson Luis of his constitutional rights.

38. At all times material hereto, the Defendants used unnecessary, excessive force, including but not limited to Tasing Bryson Luis, grabbing his arm, kneeling on his back and neck, and injuring his face.

39. At the time Defendants used excessive force there was no threat of death or serious bodily harm to the officers or anyone in the area.

40. Defendants' conduct constituted excessive force without cause or justification in violation of Bryson Luis' Fourth Amendment rights as incorporated by the Fourteenth Amendment.

41. At all times material to the complaint, Defendant Coello and Sandvick were WAPD Officers, acting under the color of the statutes, customs, ordinances, and usage of the WAPD and were acting within the scope of their employment.

42. The conduct described on part of the Defendants as set forth above was a cause of the plaintiff's injuries, losses, and damages as set forth herein.

8

43. Defendant West Allis is liable for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

**PUNITIVE DAMAGES**

44. Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

45. The above-described conduct of all the individual Defendants was unlawful, extreme, malicious, outrageous, and/or intentional.

46. Such conduct was intended to cause Plaintiff unnecessary and severe personal physical and psychological and emotional injuries.

47. Such conduct was a cause of the severe personal injuries, physical and psychological and emotional suffered by Plaintiff.

48. At all times material hereto, the individual Defendants acted maliciously and/or with reckless disregard and/or with deliberate indifference towards Plaintiff or in an intentional disregard of his rights, such as to subject all the individual Defendants to punitive damages.

49. Defendant West Allis is liable for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

a. Against Defendants Coello and Sandvick in their individual capacities, for compensatory damages, for the violation of Bryson Luis' rights, as set forth above, in an amount to be determined at a trial of this matter;

9

b.      Against Defendants Coello and Sandvick for punitive damages for the violation of Bryson Luis' rights, as set forth above, in an amount to be determined at a trial of this matter;

c.      Against Defendant West Allis for its liability to indemnify the individual Defendants in an amount to be determined at a trial of this matter;

d.      For all costs, disbursements, and actual attorney's fees pursuant to U.S.C. § 1988, and for such other relief as the Court deems just and equitable.

**PLEASE TAKE NOTICE THAT PLAINTIFF DEMADNS A JURY TRIAL IN THE**

**ABOVE-ENTITLED ACTION**

Dated at Madison, Wisconsin, this 21st day of April, 2026

**GINGRAS, THOMSEN & WACHS, LLP**
Attorneys for Plaintiff

Electronically signed by Attorney Isaac P. Huettl
Mark L. Thomsen
State Bar No.: 1018839
Isaac P. Huettl
State Bar No.: 1122828

**P.O. ADDRESS**
219 N. Milwaukee Street
Suite 520
Milwaukee, WI 53202
Telephone:      (414) 837-4167
Facsimile:       (414) 763-6413
Email:           mthomsen@gtwlawyers.com
                 ihuettl@gtwlawyers.com

10